UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:09-cr-0039-LRH-VPC |
| v. | |
| DONALD KENNETH HOWARD, | ORDER |
| Defendant. | |

Before the court is defendant Donald Kenneth Howard's ("Howard") motion to amend the restitution order. Doc. #75.[1] The United States did not file an opposition.

## I.  Facts and Background

On June 2, 2010, Howard entered a plea of guilty to furnishing false information to the Commissioner of Social Security in violation of 42 U.S.C. 408(a)(6), and aggravated identity theft in violation of 18 U.S.C. 1028A. Doc. #66. On August 30, 2010, Howard was sentenced to a total of forty-two (42) months incarceration. Doc. #69. However, at that time, the court withheld imposing restitution and granted the parties leave to file briefing on that issue. *Id*.

On November 11, 2010, after supplemental briefing by the parties, the court order Howard pay restitution to the Commissioner of Social Security in the amount of $20,636.40. Doc. #73. The

---

[1] Refers to the court's docketing number.

clerk of court filed an amended judgment reflecting the restitution order. Doc. #74. Thereafter, Howard filed the present motion to amend the restitution order. Doc. #75.

**II.    Discussion**

Howard requests the court amend its restitution order by: (1) waiving interest on the amount of restitution due to his inability to pay;[2] and (2) deferring restitution payments until ninety (90) days after his term of supervised release begins at the end of his incarceration around June 9, 2012. *See* Doc. #75.

The court has reviewed the documents and pleadings on file in this matter and finds that Howard is currently unable to pay restitution because he is incarcerated, has no bank accounts or income, and has additional outstanding debts of roughly $80,000. Therefore, based on his inability to pay, the court shall waive the requirement for interest on the restitution judgment and defer the payment of restitution until ninety (90) days after Howard's term of supervised release beings.

IT IS THEREFORE ORDERED that defendant's motion to amend the restitution order (Doc. #75) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall AMEND the defendant's sentence and judgment (Doc. #74) in accordance with this order.

IT IS SO ORDERED.

DATED this 3d day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to 18 U.S.C. § 3612(f), a court may waive the requirement for interest on restitution judgments if the defendant is unable to pay. 18 U.S.C. § 3612(f)(3)(A).